Opinion, by
Willson, J.
§ 718. Landlord and tenant; distinction between a sub-tenant and an assignee of a lease; case stated. San-sing rented land to one Parrish, and was to receive as rent one-fourth the cotton raised on the land. Parrish engaged one Talford to assist him in cultivating the land, and agreed to give him in payment for his labor ten acres of the cotton raised. After the cotton was laid by, Talford’s ten acres were designated by agreement between him and Parrish. Parrish paid Sansing all the rent due, except for the ten acres set apart to Talford, it being agreed between Parrish and Talford that the latter should pay the rent due for said ten acres. Talford sold the ten acres of cotton to appellee Risinger, and the latter took possession thereof. Sansing sued his tenant, Parrish, to recover the rent for said ten acres of land, and sued out a distress warrant which was levied upon the cotton that had been raised upon said ten acres of land, and said cotton was sold under order of the court and the proceeds applied to tlae payment of said rent and costs. Risinger brought this suit against Sansing to recover the value of said cotton and damages, and recovered judgment for $271.50, the value of the cotton, and for costs. It was and is claimed by appellee that Talford was a sub-tenant, and that appellant had no right to take the property of the sub-tenant to pay the rent due by the tenant, Parrish. As a proposition of law this is correct. [Ante, § 79.] But in our opinion, Talford was not a sub-tenant within the meaning of that term. He was a mere employee of Parrish. He took no particular portion of the land to-cultivate. It was not until after the cultivation of the crop had been completed that any particular part of the-land was set apart to him, and out of the crop upon that he agreed to pay the rent due upon it to Sansing. We- *627 regard the contract between Parrish and Talford, not'as a snb-letting of the ten acres of land, but as an assignment by the former to the latter of the crop upon said land in payment of the latter’s wages, subject to the rent claim of Sansing. There is a wide distinction in the law between an assignee of a lease and a sub-tenant. The former is personally liable to the landlord for all the covenants and conditions imposed upon the lessee by the lease, which run with the land, while the latter is liable only to the lessee, who is alone responsible to the landlord. [Wood’s Land. & Ten. § 94.] Our conclusions upon the facts and the law are, that the cotton was subject to Sansing’s rent claim, and was legally seized and sold under his distress warrant, and that Risinger was not entitled to recover in this action.
May 13, 1885.
Reversed and remanded.